PASSAIC COUNTY CIRCUIT COURT.

SAMUEL WIMINETZ, landlord,

*v.*

ARMENIAN CLUB, sometimes known as Ensuring Club, defendant.

**Landlord and Tenant—Notice to Vacate Under Act of 1923—Preamble Refers to Dwellings—Act Refers Generally to Lettings—Act Held to Govern.**

*Messrs. Feder & Rinzler,* for the landlord.

*Mr. Peter Hofstra,* for the defendant.

NEWMAN, J.

This case was removed from Paterson district court to this court for trial, by Mr. Justice Minturn, pursuant to the statute.

The attorneys for the respective parties have agreed to the essential facts in open court. Those facts are, that the defendant is a from month to month tenant of the landlord with no definite agreed term, occupying premises not used as a dwelling, and that only one month's notice to vacate was given by the landlord to the tenant. The landlord contends that this is sufficient, while the tenant asserts that by virtue of chapter 72 of the laws of 1923 (*P. L. 1923 p. 144*) three months' notice is necessary to terminate the tenancy. This is the only question for solution in this court.

The title of that act is "An act regulating lettings in certain cses, &c." The lengthy preamble to the act refers to the demand existing for dwellings in the state and the impossibility of procuring dwelling accommodations, and refers to the impotency of certain other acts. The enacting part of

the act requires three months' notice "in any and all tenancies from month to month," &c., and then provides that the act shall not apply to farm letting, hotels, disorderly tenants, &c. It is upon these facts that counsel for the respective parties base their aforesaid contentions as to the interpretation of this statute.

Counsel for the landlord, among other things, contend that the interpretation of the statute is governed by the preamble and the facts that it is a remedial statute, from which they argue that it applies only to lettings for dwellings, and that therefore the law that one month's notice is sufficient still applies to a tenancy such as this. I do not agree with their contention. In my opinion the enacting part of the statute governs. As was said by our court of errors and appeals in *Brown* v. *Erie Railroad Co.*, 87 *N. J. L.* 487:

"It seems to be established that, in cases of doubt as to the proper construction of the body of a statute, resort must be had to the preamble or recitals for the purpose of ascertaining the legislative intent. But where the enacting part of the statute is ambiguous, its meaning will not be controlled or affected by anything in the preamble or recitals."

As was said by our supreme court in *Den.* v. *Urison*, 2 *N. J. L.* *224:

"It appears to me to be a settled principle of law that the preamble cannot control the enacting part of the statute in cases where the enacting part is expressed in clear, unambiguous terms."

There is nothing ambiguous in the enacting part of this statute. It refers to "any and all tenancies from month to month or for a less period, where no definite term is agreed upon." This would include all tenancies governed by those terms, except farms, hotels, &c., later excluded by the enacting part of the statute.

Chancellor Walker, speaking for the court of errors and appeals in *Brown* v. *Erie Railroad Co.*, *supra*, further says "the enacting clause of a statute may be extended by the preamble, but cannot be restrained by it," citing numerous cases.

. In the case of *Quackenbush* v. *State, 57 N. J. L. 18, 21,* our supreme court says: "It is well settled that where the intention of the legislature is clearly expressed in the purview or body of the act, the preamble shall not restrain it, although it be of much narrower import. *Sedgw. Stat. & Const. L. 43.* The preamble cannot restrict the enacting clauses except where their language is ambiguous or uncertain."

The preamble, therefore, cannot operate to restrict or restrain the enacting clause of the statute. To construe the statute as applying only to dwellings would be in conflict with both of these well-settled principles of law.

Nor is this construction of the statute inconsistent with the object to be obtained as alleged by the preamble, and also permits the alleged mischief to be remedied.

Judgment will therefore be entered in favor of the defendant tenant, with costs to be taxed.